IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| R&L Carriers, Inc., : | |
| : | Case No. 1:09-cv-383 |
| Plaintiff, : | |
| : | Chief Judge Susan J. Dlott |
| v. : | |
| : | ORDER DENYING MOTION FOR |
| YRC Logistics, Inc., : | PARTIAL JUDGMENT ON THE |
| : | PLEADINGS |
| Defendant. : | |

This matter comes before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings (doc. 17). Plaintiff R&L Carriers, Inc. ("R&L") seeks judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on Defendant YRC Logistics, Inc.'s ("YRC") counterclaim for tortious interference with business relations on the basis that the counterclaim sounds solely in contract. For the reasons that follow, R&L is not entitled to judgment on the tortious interference counterclaim and its Motion is **DENIED**.

## I.    BACKGROUND

R&L and YRC are parties to a Transportation Agreement for Motor Contract Carriage ("Master Agreement") entered into on April 10, 1995 and to a Services Addendum – Amendment ("Addendum") entered into on May 5, 2008.[1] R&L agreed to provide motor carrier services to YRC pursuant to the Master Agreement and Addendum. On or about April 16, 2009, R&L sent a written notice to YRC terminating the Master Agreement and Addendum for alleged breach of payment obligations. YRC denies that it breached payment obligations.

---

[1] The Master Agreement was signed by R&L and MegaSys, Inc., a predecessor-in-interest to YRC.

On April 27, 2009, R&L filed the instant suit in the Court of Common Pleas of Clinton County, Ohio seeking to recover approximately $750,000 from YRC pursuant to claims for (1) an action on account, (2) breach of contract, and (3) unjust enrichment. YRC removed the suit to this Court on May 28, 2009. Subsequently, YRC filed an Answer and Counterclaim against R&L asserting counterclaims for (1) breach of contract and (2) tortious interference with business relations. R&L now has moved for judgment on the tortious interference with business relations counterclaim.

## II.    LAW GOVERNING RULE 12(c) MOTIONS

Plaintiff R&L moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. The standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenant is inapplicable to legal conclusions, or legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). To withstand the dismissal motion, the complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court does not require "heightened fact pleading of specifics, but

2

only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

## III. ANALYSIS

R&L moves for judgment on the tortious interference with business relations counterclaim. "The tort of interference with a business relationship occurs when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relationship with another." *Harris v. Bornhorst*, 513 F.3d 503, 523 (6th Cir. 2008) (citation omitted). The elements of the claim are as follows: "(1) a business relationship, (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages resulting therefrom." *Id.* (citation omitted).

A closer examination of YRC's counterclaims will aid the analysis of the parties' arguments. YRC alleges that R&L had a duty pursuant to the Master Agreement and Addendum to maintain the confidentiality of all information it received regarding YRC's customers and services. (Doc. 8, Counterclaim ¶¶ 7, 9.) YRC denies that it breached the Master Agreement or Addendum and alleges that R&L's termination of the Master Agreement on or about April 16, 2009 was unlawful and constituted a breach by R&L. (*Id.*, Counterclaim ¶¶ 10, 13-14.) YRC further alleges that subsequent to R&L's breach, R&L "us[ed] confidential information of YRC" to "approach[] clients with whom YRC has a contractual and expected continued economic relationship" and "interfere[] with YRC's contracts and business relationship with its

3

customers." (*Id.*, Counterclaim ¶ 15.)

In its first counterclaim for breach of contract, YRC alleges that R&L breached the Master Agreement and Addendum by purporting to terminate the Master Agreement and Addendum on April 16, 2009 and by failing to provide services after that date. (*Id.*, Counterclaim ¶¶ 16-21.) In the second counterclaim for tortious interference, YRC alleges R&L used YRC's confidential information to interfere with its customer relationships and take business away from YRC. (*Id.*, Counterclaim ¶¶ 23-28.) YRC specifically alleges that R&L's conduct was "undertaken with a motive to interfere with YRC's business relations and to harm YRC." (*Id.*, Counterclaim ¶ 26.)

R&L argues that because its duty to maintain YRC's confidential information arises solely from the contract between the parties, YRC cannot assert a counterclaim sounding in tort based upon R&L's alleged breach of that duty. YRC responds that a tortious interference claim is permissible because R&L's alleged breach was motivated by an intent to interfere with YRC's business relations. It is "well established" under Ohio law that "though a breach of a duty under a contract or lease necessarily interferes with the injured party's business relations with third parties, the injured party is limited to an action for breach of contract and may not recover in tort for business interference." *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St. 3d 36, 46-47, 540 N.E.2d 1358 (1989) (internal quotation and citation omitted). Pursuant to that general law, "[a] claim for tortious interference with a business relationship is not cognizable where the interference results as a mere consequence of a breach of contract." *Lambert v. Kazinetz*, 250 F. Supp. 2d 908, 917 (S.D. Ohio 2003). However, an exception exists and a tort action will lie "where the breaching party indicates, by his breach, a motive to interfere with the

4

adverse party's business relations rather than an interference with business resulting as a mere consequence of such breach." *Digital & Analog Design*, 44 Ohio St. 3d at 47.

As suggested by the *Digital & Analog Design* decision, the motive of the breaching party is critical to the analysis of whether a tort claim will be permitted. A court in the Southern District of Ohio permitted a tortious interference claim in *Lambert* where the breaching party was motivated to interfere in the non-breaching party's business relationships with third persons. 250 F. Supp. 2d at 918. On the other hand, a different court in this District did not permit the tort claim where the "[p]laintiff [did] not allege that [the defendant's] alleged solicitation of [p]laintiff's customers was the result of some ulterior motive of [the defendant] to interfere with [p]laintiff's business." *Reengineering Consultants, Ltd. v. EMC Corp.*, No. 2:08-cv-47, 2009 WL 113058, at *7 (S.D. Ohio Jan. 14, 2009). Similarly, the Ohio Supreme Court found that no tort claim existed where there was no evidence that the breaching party was motivated to interfere with the plaintiff's business relations. *Digital & Analog Design*, 44 Ohio St. 3d at 47.

In this case, YRC explicitly alleges in the tortious interference claim that R&L's wrongful use of its confidential information — conduct which constituted a breach of R&L's duties pursuant to the Master Agreement and Addendum — was "undertaken with a motive to interfere with YRC's business relations [with its customers] and to harm YRC." (Doc. 8 ¶¶ 24-26.) YRC's allegations are sufficient to state a claim for tortious interference with business relations pursuant to Ohio law. R&L is not entitled to judgment on the pleadings as to the tortious interference claim.

5

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** R&L's Motion for Partial Judgment on the Pleadings (doc. 17).

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court